IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10752 (____) |
| Debtors. | (Joint Administration Requested) |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
### JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed undersigned counsel, hereby submit this *Motion of the Debtors for Entry of an Order Directing the Joint Administration of Related Chapter 11 Cases* (the "Motion"). In support of this Motion, the Debtors rely on the *Declaration of James M. Speltz in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] and respectfully represent and set forth as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Gardeners Eden, Inc. (7793), Brookstone Military Sales, Inc. (2029), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

[2] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

[3] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1004.001-W0030497.2}

2. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Court.

4. The Debtors continue to operate their business and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

5. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, are set forth in greater detail in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto, directing joint administration of these Chapter 11 Cases.

7. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of these Chapter 11 Cases, which file and docket shall be the one for Brookstone Holdings Corp. ("Brookstone").

8. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (____) |
| Debtors. | (Joint Administration Requested) |

9.     In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of: Brookstone, Inc., Brookstone Company, Inc., Brookstone Retail Puerto Rico, Inc., Brookstone International Holdings, Inc., Brookstone Purchasing, Inc., Brookstone Stores, Inc., Gardeners Eden, Inc., Brookstone Military Sales, Inc., Big Blue Audio LLC, Brookstone Holdings, Inc., and Brookstone Properties, Inc., substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Brookstone Holdings Corp. and its affiliates. The docket in the chapter 11 case of Brookstone Holdings Corp. Case No. 14-_____(____) should be consulted for all matters affecting this case.

10.     Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim against the particular Debtor which such claim is asserted, and not against the Debtors collectively in these jointly administered cases.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Gardeners Eden, Inc. (7793), Brookstone Military Sales, Inc. (2029), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

## BASIS FOR RELIEF

11.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides that an order of joint administration may be entered where it is established "that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In these cases, Brookstone Properties, Inc. and Big Blue Audio LLC are wholly-owned subsidiaries of Brookstone Holdings, Inc.; and Brookstone Holdings, Inc. is a wholly-owned subsidiary of Brookstone Stores, Inc.; and Brookstone Stores, Inc. is a wholly-owned subsidiary of Brookstone Company, Inc.; and Brookstone Company, Inc. is a wholly owned subsidiary of Brookstone, Inc., which in turn is wholly-owned by Brookstone Holdings Corp. Additionally, the other Debtors[4] are all wholly-owned subsidiaries of Brookstone Company, Inc., which include: Brookstone Retain Puerto Rico, Inc., Brookstone International Holdings, Inc., Brookstone Purchasing, Inc., Gardeners Eden, Inc., and Brookstone Military Sales, Inc. The Debtors are, thus, "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code and, accordingly, the Court has authority to grant the relief requested herein.

12.     The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect all twelve (12) Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and

---

[4] The other Debtors include the following entities: Brookstone Retail Puerto Rico, Inc., Brookstone International Holdings, Inc., Brookstone Purchasing, Inc., Gardeners Eden, Inc., and Brookstone Military Sales, Inc.

{1004.001-W0030497.2}                                4

served in these cases. Joint administration also will enable parties in interest in each of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all cases.

13. The entry of an order of joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee. Accordingly, the relief requested is warranted and will ease the administrative burden for the Court and the parties.

14. The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. See, e.g., In re MTB Bridgeport-NY Operating LLC, Case No. 11-12707 (KJC) (Bankr. D. Del. Aug. 31, 2011); In re Universal Bldg. Prods., Inc., Case No. 10-12453 (MFW) (Bankr. D. Del. Aug. 5, 2010); In re U.S. Concrete, Inc., Case No. 10-11407 (PJW) (Bankr. D. Del. April 30, 2010); In re Stallion Oilfield Servs. Ltd., Case No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); In re Visteon Corp., Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); In re Masonite Corp., Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); In re Muzak Holdings, LLC, Case No. 09-10422 (KJC) (Bankr. D. Del. Feb. 12, 2009); In re Skybus Airlines, Inc., Case No. 08-10637 (CSS) (Bankr. D. Del. April 5, 2008).

15. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

16. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (c) counsel to the agent for the Debtors' proposed postpetition financing facility; (d) counsel to the agent for the Debtors' prepetition secured credit facility; (e) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (f) the Internal Revenue Service; (g) the United States Department of Justice; and (h) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been filed in this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto (a) directing joint administration of these chapter 11 cases for procedural purposes only and (b) granting such other and further relief as is just and proper.

Dated: April 3, 2014
Wilmington, DE

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
mumford@lrclaw.com
brown@lrclaw.com

and

Charles A. Dale III
Mackenzie L. Shea
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
Email: chad.dale@klgates.com
mackenzie.shea@klgates.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*