# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10752 (BLS) |
| Debtors | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## BROOKSTONE HOLDINGS CORP. (CASE NO. 14-10752)

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Gardeners Eden, Inc. (7793), Brookstone Military Sales, Inc. (2029), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517).  The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH  03054.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.,*[1] | Case No. 14-10752 (BLS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), with the assistance of their counsel and other professionals, have prepared their respective schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited. While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist in the Schedules and Statements. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are wholly accurate and complete.

Nothing contained in the Schedules and/or Statements shall constitute a waiver of any right of the Debtors, specifically the Debtors' right to amend these Schedules and Statements and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Gardeners Eden, Inc. (7793), Brookstone Military Sales, Inc. (2029), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

[2] These Global Notes are in addition to the specific notes contained in the Schedules and Statements. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not to others does not reflect, and should not be interpreted as, a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate.

any right with respect to any issues relating to substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws.

### Global Notes for the Schedules and Statements

1.    **Chapter 11 Cases**.  On April 3, 2014 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") ordered joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only under Case No. 14-10752 (the "Lead Case").  The Debtors continue to operate their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 11, 2014, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  No trustee or examiner has been appointed in any of the Chapter 11 Cases.

2.    **Basis of Presentation**.  The Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited accounting records.  Each Debtor generally maintains its accounting records on a consolidated basis in accordance with the Generally Accepted Accounting Principles ("GAAP") used in the United States.  However, the aggregate asset values and claim amounts set forth in these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to any financial statements prepared by the Debtors.  All asset and liability data contained in the Schedules and Statements are stated in United States currency as of April 3, 2014, except as otherwise stated in these Global Notes or footnotes to these Schedules and Statements.  In some instances, the Debtors have used estimated amounts where actual data as of April 3, 2014 was not available.

3.    **Confidentiality**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact or otherwise alter from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, concerns for the privacy of an individual, or the commercially sensitive nature of the information.  The alterations were limited to only what was necessary to protect the Debtors or third party, and will provide interested parties with sufficient information to discern the nature of the listing.

4.    **Amendments**.  The Debtors reserve their right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission.

5.    **Assumptions**.  The preparation of the Schedules and Statements requires the Debtors to make assumptions that affect the reported amounts of assets and liabilities, the

disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.

6. **Assets and Liabilities Not Included**. The Debtors have excluded certain assets from the Schedules and Statements, including, but not limited to, goodwill, tax loss carry-forwards, and assets with a net book value of zero. Additionally, immaterial assets and liabilities may not have been included in the Schedules and Statements.

7. **Summary of Significant Reporting Policies**. The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

    a.     <u>Debtors</u>. Separate Schedules and Statements have been filed for each of the Debtors. Each Debtor's Schedules and Statements reflect the assets and liabilities of that Debtor pursuant to the Debtor's accounting records.

    b.     <u>Reporting Date</u>. The Schedules and Statements are prepared as of April 3, 2014 (the "<u>Reporting Date</u>"), except as otherwise stated in these Global Notes or footnotes to these Schedules and Statements. In some instances, the Debtors have used estimates where actual data as of the Reporting Date was not available. In certain circumstances, the Debtors have not included the date claims were incurred as such information is not readily available and it would be prohibitively expensive and burdensome to determine such dates.

    c.     <u>Paid Claims</u>. Pursuant to certain first-day orders issued by the Bankruptcy Court (collectively, the "<u>First Day Orders</u>"), the Bankruptcy Court has authorized (but not directed) the Debtors to pay certain outstanding prepetition claims, such as certain employee wages and benefit claims, certain shipper and warehousemen claims, and certain customer program claims. The Schedules may reflect prepetition obligations that may have been satisfied pursuant to such First Day Orders. To the extent claims listed on the Schedules are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate. Moreover, certain of the First Day Orders preserve the Debtors' right to dispute any amounts paid pursuant to First Day Orders.

    d.     <u>Current Market Value of Assets</u>. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values for assets as of the Reporting Date are reflected in the Schedules and Statements. For this reason, amounts ultimately realized may vary from net book value and such variance may be material.

    e.     <u>Allocation of Assets and Liabilities</u>. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the

information from research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Schedules and Statements without notice as applicable.

f.   Contingent Assets. The Debtors believe that they may possess certain contingent claims, causes of action, or avoidance actions against various third parties. Despite their reasonable efforts, the Debtors may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

8.   **Guarantees and Other Secondary Liability Claims**. The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors reserve the right to amend the Schedules to the extent that additional Guaranties are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

9.   **Classifications**. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (d) on Schedule F as "unsecured nonpriority," or (e) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such claim or contract. In particular, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

10.   **Disputed, Contingent and/or Unliquidated Claims**. Schedules D, E, and F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability, or classification or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors.

11.    **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

12.    The Debtors have not included certain categories of accrued occupancy expense from the Schedules and Statements, such as accrued rent, common area maintenance, and real property taxes paid as rent.  The Debtors accrue these amounts based on historical knowledge and estimates for each open location, but have not included them as an account payable because the respective invoices for the period had not yet been received.

13.    Neither the Debtors, their agents, nor their attorneys and other professionals guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and are not liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages.

14.    **Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

1.    **Schedule A**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

2.     <u>**Schedule B1 and B2**</u>.    Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of the Debtors for Entry of an Order (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, (B) Authorizing the Continued Use of Existing Cash Management System, (C) Granting Administrative Expense Status to Postpetition Intercompany Claims and (D) Granting Limited Relief From the Requirements of Bankruptcy Code Section 345(B)* [Docket No. 7] (the "<u>Cash Management Motion</u>").

3.     <u>**Schedule B3**</u>.    The Bankruptcy Court, pursuant to the *Final Order Granting Motion of the Debtors for Entry of Interim and Final Orders (A) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Determining Adequate Assurance of Payment* [Docket No. 240] (the "<u>Final Order</u>"), has authorized the Debtors to provide adequate assurance of payment for future utility services, including a deposit in the amount of $185,463.00. In addition, the Debtors may have made additional utility deposits pursuant to the Final Order. The Debtors have not included such deposits in Schedule B3.

4.     <u>**Schedule B4**</u>.    Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

5.     <u>**Schedule B9**</u>.    Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion of the Debtors for Entry of an Order Authorizing Debtors to Maintain Existing Insurance Policies, Pay All Policy Premiums and Brokers' Fees Arising Thereunder, and Renew or Enter Into New Policies* [Docket No. 10].

6.     <u>**Schedules B13 and B14**</u>.    Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 and B14 on a net book value basis on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

7.     <u>**Schedule B16**</u>.    The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

With respect to accounts receivable between Debtors, Schedule B16 reflects the accounts receivable balance without netting against open accounts payable.

In the ordinary course of business, payments received by the Debtors via credit cards are held by the credit card processor until the Debtors have shipped the corresponding goods. Such held payments are not listed on Schedule B16.

8.     <u>**Schedule B21**</u>.    In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or

may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

9.      **Schedules B28 and B29**. For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29. Schedule B29 assets primarily include leasehold improvements and building improvements, in each case net of any allowances, of various retail store locations and/or the Debtors' distribution center located in Mexico, Missouri.

10.      **Schedule B30**. Unless otherwise stated in a specific Debtor's Schedule B30, book value is presented net of inventory reserves.

11.      **Schedule D**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by the Debtors, or inchoate statutory lien rights. Further, only the administrative agents associated with any prepetition secured debt have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

12.    **Schedule E**.    The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain claims that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on April 4, 2014, the Bankruptcy Court entered the *Order Granting Motion of the Debtors for Entry of an Order Authorizing Debtors to Pay Prepetition Wages, Compensation, Employee Benefits and Other Associated Obligations* [Docket No. 79], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Additionally, on April 4, 2014, the Bankruptcy Court entered the *Order Granting Motion of the Debtors for Entry of an Order Authorizing the Debtors to Pay Certain Prepetition Taxes and Obligations* [Docket No. 78], authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included on Schedule E.  Employee obligations for all of the Debtors are satisfied by Brookstone Company, Inc. and, to the extent listed, are therefore listed on that Debtor's response to Schedule E.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim.  All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

13.    **Schedule F**.    The Debtors have used best reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors have made every effort to include as a contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims on a postpetition basis. For example, on April 4, 2014, the Bankruptcy Court entered the *Order Granting Motion of the Debtors for Entry of an Order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Certain Customer Practices and Programs in the Ordinary Course of Business* [Docket No. 81], and on April 25, 2014, the Bankruptcy Court entered the *Supplemental Order Granting Additional Authority to the Debtors to Pay Certain Prepetition Customs, Shipper, Warehousemen and Common Carrier Obligations* [Docket No. 242]. Each Debtor's Schedule F may reflect the Debtor's payment of certain claims pursuant to this order, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule F.  Certain Debtors may pay additional claims listed on Schedule F during this

chapter 11 case pursuant to this and other orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

14. **Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations may not be set forth separately on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and

confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

15.   **Schedule H**.   For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

1.   **Statement 1**.   The amounts listed in Statement 1 reflect the gross profit for the previous two fiscal years of each Debtor as such amount is calculated in the Debtors' business plan.  The gross profit from the beginning of 2014 to the Petition Date is not reflected on each Debtor's Statement 1, as gathering such information would be administratively inefficient and unduly burdensome.  The Debtors do not believe such information would materially alter the response to each Debtor's Statement 1.

2.   **Statement 3b**.   Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees and bankruptcy professionals.  The aggregate amount of transfers made to employees during the 90 days immediately preceding the Petition Date is approximately $5.3 million.  The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b.  All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

3.   **Statement 4a**.   Any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

4.   **Statement 8**.   The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such

losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

5.     **Statement 9**.  Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made through the Debtors' cash management system by Brookstone Company, Inc. and are therefore listed on that Debtor's response to Statement 9.  The cost of these services on behalf of each Debtor has not been expressly allocated.

6.     **Statement 15**.  With respect to information provided in Statement 18a, the Debtors have, where applicable, disclosed the address of each Debtor's ordinary retail operations but have not included information regarding seasonal store locations, warehousing, or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

7.     **Statement 19d**.  Wells Fargo Bank, National Association has been provided a copy of the Debtors' financial statements.  The Debtors have also made their financial statements available to the public via their website and all parties requesting the Debtors' financial statements are directed to the website.  In addition, the Debtors maintained a data room prior to the Petition Date, pursuant to which parties that signed confidentiality agreements were provided access to the Debtors' financial statements.  Considering the number of recipients of the Debtors' financial statements through their website and the data room, and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties other than Wells Fargo Bank, National Association that may have received such financial statements for the purposes of Statement 19d.

\* \* \*

**\* \* \* END OF GLOBAL NOTES \* \* \***

**\* \* \* SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

\* \* \*

**B6 Summary (Official Form 6 - Summary) (12/13)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

In re: **Brookstone Holdings Corp.**                                           **Case No. 14-10752 (BLS)**

**Chapter 11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 15 | $0.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $6,078,868.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 3 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **25** | **$0.00** | **$6,078,868.00** | |

B6A (Official Form 6A) (12/07)

**In re: Brookstone Holdings Corp.**                                                      **Case No. 14-10752 (BLS)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)          $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                          **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | See Schedule B9 Attachment | | Unknown |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page) | **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% Ownership Interest in: Brookstone, Inc., One Innovation Way, Merrimack, NH 03054 | | Unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                          **Case No. 14-10752 (BLS)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts Receivable. | X | | | $0.00 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                              **Case No. 14-10752 (BLS)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**

**Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | | See Schedule B23 Attachment | | Unknown |

Subtotal (Total on this page)  |  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                          **Case No. 14-10752 (BLS)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page)        **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                             **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27.  Aircraft and accessories. | X | | | $0.00 |
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |

Subtotal (Total on this page)   **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                                                 **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.  Inventory. | X | | | $0.00 |
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) | $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Brookstone Holdings Corp.**                                  **Case No. 14-10752 (BLS)**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$0.00** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

In re: Brookstone Holdings Corp.
Case No. 14-10752
Schedule B9
Personal Property - Interests in insurance policies

| Insurer | Policy Number | Beneficiary | Insured party | Face value | Cash surrender value | Additional Insureds | Policy Type | Net Book Value |
|---|---|---|---|---|---|---|---|---|
| Indemnity Insurance Co. of North America | NO493376A | Debtor and Additional Insureds | Debtor and Additional Insureds | Limit of Liability per any one conveyance / connecting conveyance - $5,000,00<br>War Limit - $5,000,000 | $0 | ALL DEBTORS | Cargo/Marine | Unknown |
| Liberty Mutual Fire Insurance Company | YU2-L9L-550658-013 | Debtor and Additional Insureds | Debtor and Additional Insureds | Blanket Real and Personal Property Limit - $247,521,17:<br>Blanket Business Income Limit - $63,426,839<br>Extra Expense Sublimit - $25,000,000 | $0 | ALL DEBTORS | Property | Unknown |
| National Union Fire Insurance Co. | 01-593-44-06 | Debtor and Additional Insureds | Debtor and Additional Insureds | Ransom & Monies - Each Occurrence and Aggregate - $1,000,000<br>In transit deliver - Each Occurrence and Aggregate - $1,000,000<br>Expenses - Each Occurrence and Aggregate - $1,000,000<br>Consultant Expenses - Each Occurrence and Aggregate - $1,000,000<br>Judgments, Settlements and Defense Costs - Each Occurrence and Aggregate - $1,000,000<br>Death or Dismemberment - $100,000 per occurrence; $500,0000 maximum<br>Each Insured Event Limit - $1,000,000<br>Coverage Section Aggregate - $1,000,000 | $0 | ALL DEBTORS | Special Risk | Unknown |
| National Union Fire Insurance Co. of PA | 01-593-44-06 | Debtor and Additional Insureds | Debtor and Additional Insureds | Directors & Officers Liability - $15,000,000 (shared with EPL & Fiduciary)<br>Employment Practices Liability - $5,000,000 (shared with D&O & Fiduciary)<br>Fiduciary Liability - $5,000,000 (shared with D&O & EPLI)<br>Employed Lawyers - $2,000,000 | $0 | ALL DEBTORS | Directors & Officers/Employment Practices/Fiduciary/Crime Liability | Unknown |
| National Union Fire Insurance Company of Pittsburgh, PA | 15932909 | J.W. Childs Associates, LP | Debtor and Additional Insureds | Directors & Officer coverage - $15,000,000 above $75,000,000<br>Shared aggregate limit $15,000,000<br>Insured's aggregate limit $5,000,000 | | Unknown | Excess Insurance Policy for Directors & Officer issued to J.W. Childs Associates, LP for $15,000,000 above $75,000,000 | Unknown |
| Sentry Casualty Company | 90-03361-10 | Debtor and Additional Insureds | Debtor and Additional Insureds | General Aggregate  Limit (other than Products / Completed Operations) - $10,000,00<br>Products and Completed Operations Aggregate Limit - $2,000,000<br>Personal & Advertising Injury Limit - Each Occurrence Limit - $1,000,000<br>Each Occurrence Limit (Bodily Injury and Property Damage) - $1,000,000<br>Damage to Premises Rented Limit - $1,000,000 - any one premises<br>Medical Expense Limit - $5,000 - any one person | $0 | ALL DEBTORS | General Liability | Unknown |
| Sentry Casualty Company | 94-03361-01 | Debtor and Additional Insureds | Debtor and Additional Insureds | General Aggregate - $2,000,000<br>Each Occurrence - $1,000,000<br>Products-Completed Operations Aggregate  - $1,000,000<br>Personal Advertising & Injury Limit - $1,000,000<br>Damage to Premises Rented - $1,000,000 any one premises (subj. to Occ. Lmt)<br>Medical Expense - $10,000 any one person (subj) to Occ Lmt)<br>Employee Benefits Liability - $1,000,000 - each employee $1,000 Deductible - occurrence | $0 | ALL DEBTORS | Foreign Liability | Unknown |
| Sentry Insurance a Mutual Company (both) | 90-03361-11 (AOS)<br>90-03361-12 (MA) | Debtor and Additional Insureds | Debtor and Additional Insureds | Liability - $1,000,000 - Symbol 1 (any auto<br>Personal Injury Protection - Statutory - Symbol 5 (autos subject to no-fault laws)<br>Auto Medical Payments - $5,000 - Symbol 2 (owned autos)<br>Uninsured / Underinsured Motorists Coverage - $1,000,000 - Symbol 2 & 8 (owned & hired autos) | $0 | ALL DEBTORS | Automobile Liability and Physical Damage | Unknown |
| Sentry Insurance a Mutual Company; Sentry Casualty Company | 90-03361-08 (Deductible)<br>90-03361-09 (Retro) | Debtor and Additional Insureds | Debtor and Additional Insureds | Coverage A: Workers Compensation Benefits - Statutor<br>Coverage B: Employers Liability (coverage for all states, including monopolistic)<br>Bodily Injury by Accident, Each Accident - $1,000,000<br>Bodily Injury by Disease, Policy Limit - $1,000,000<br>Bodily Injury by Disease, Each Employee - $1,000,000<br>Coverage C: Other States Insurance Applies in All States except: those in state fund (monopolistic) or self-insured states | $0 | ALL DEBTORS | Workers Compensation and Employers Liability | Unknown |
| XL Specialty Insurance Co. | US00065434LI13A | Debtor and Additional Insureds | Debtor and Additional Insureds | Each Incident / Aggregate - $25,000,000 | $0 | ALL DEBTORS | Lead Umbrella | Unknown |

**In re: Brookstone Holdings Corp.**
**Case No. 14-10752**
Schedule B23
Personal Property - Licenses, franchises, and other general intangibles

| License/Franchise Party | Address | Description | Net Book Value |
|---|---|---|---|
| APC (American Power Conversion) a/k/a Schneider Electric | APC / Schneider Electric<br>10 Mall Road<br>Burlington, MA  01803 | Service and Order Summary | Unknown |
| AT&T | AT&T<br>2651 Olive Street<br>St. Louis, MO 63103 | Responsible Organization Designation and Agreement of Agency | Unknown |
| LinkedIn | LinkedIn Ireland Limited<br>77 Sir John Rogerson's Quay<br>Dublin 2, Irleand<br>illegible line<br><br>LinedIn<br>2029 Stierlin Court<br>Mountain View, CA 94043 | LinkedIn Corporate Subscription Agreement | Unknown |
| Linkedin | LinkedIn Ireland Limited<br>77 Sir John Rogerson's Quay<br>Dublin 2, Irleand<br>illegible line<br><br>LinkedIn<br>2029 Stierlin Court<br>Mountain View, CA 94043 | Subscription Agreement | Unknown |

B6D (Official Form 6D) (12/07)

**In re: Brookstone Holdings Corp.**          **Case No. 14-10752 (BLS)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | |
| | | | Subtotal(s) (Total(s) on this page) | | | | $0.00 | $0.00 |
| | | | Total(s) (Use only on last page) | | | | $0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/13)

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Brookstone Holdings Corp.**                                        **Case No. 14-10752 (BLS)**

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |

| | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|
| Subtotals (Totals on this page): | **$0.00** | **$0.00** | **$0.00** |
| Total: (Report also on the Summary of Schedules) | **$0.00** | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | **$0.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

**In re: Brookstone Holdings Corp.**                                      **Case No. 14-10752 (BLS)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| BROOKSTONE COMPANY, INC. ONE INNOVATION WAY MERRIMACK, NH 03054 | | | INTERCOMPANY PAYABLE | | | | $6,078,868.00 |
| | | | Subtotal (Total on this page) | | | | **$6,078,868.00** |
| | | | Total (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | **$6,078,868.00** |

B6G (Official Form 6G) (12/07)

**In re: Brookstone Holdings Corp.**                                    **Case No. 14-10752 (BLS)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Schedule G Attachment | |

**In re: Brookstone Holdings Corp.**
**Case No. 14-10752**
Schedule G
Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Description of contract or lease and nature of debtor's interest.  State whether lease is of nonresidential real property.  State contract number of any government contract. | Effective Date |
|---|---|---|
| AT&T | Responsible Organization Designation and Agreement of Agency | 10/14/2011 |
| Ernst & Young LLP | Engagement Letter for Tax Consulting Work on Deal Structure Statement of Work - Bond Refinancing Transaction - | 3/17/2014 |
| Ernst & Young LLP | General Terms and Conditions | 1/29/2010 |
| Ernst & Young LLP | Statement of Work | 1/29/2010 |
| LinkedIn | LinkedIn Corporate Subscription Agreement | 6/10/2011 |
| Linkedin | Subscription Agreement | 6/28/2013 |

**In re: Brookstone Holdings Corp.**
**Case No. 14-10752**
Schedule G
Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Description of contract or lease and nature of debtor's interest.  State whether lease is of nonresidential real property.  State contract number of any government contract. | Effective Date |
|---|---|---|
| Quick, Rios & Associates | RE: Credit of Telephone Excise Taxes Paid by Brookstone, Inc. | 8/5/2009 |
| Ryan, Inc. | Multi-state Sales and Use Tax Services | 1/24/2008 |

B6H (Official Form 6H) (12/07)

**In re: Brookstone Holdings Corp.**         **Case No. 14-10752 (BLS)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☑ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Brookstone Holdings Corp.                                        Case No. 14-10752 (BLS)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Thomas F. Moynihan, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 38 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date ___5/2/2014_____          Signature: _____

                                                          Thomas F. Moynihan
                                                          Chief Financial Officer

------------------------------------------------------------------------------------------------------------------------------------------------

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.