IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10752 (BLS) |
| Debtors. | (Jointly Administered) |

NOTICE OF DATES BY WHICH
PARTIES MUST FILE PROOFS OF CLAIM
AND PROCEDURES FOR FILING PROOFS OF CLAIM,
INCLUDING CLAIMS UNDER 11 U.S.C. § 503(B)(9), AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT** Brookstone Holdings Corp. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") on **April 3, 2014** (the "Petition Date").

**PLEASE TAKE FURTHER NOTICE THAT** on **April 3, 2014**, the Debtors filed the *Motion of the Debtors for Entry of an Order (a) Establishing Bar Dates for Filing Proofs of Claim, (Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code); (b) Approving the Form and Manner for Filing Proofs of Claim; and (c) Approving Notice Thereof* [Docket No. 59] (the "Bar Date Motion"). On April 23, 2014, the Court entered an order approving the Bar Date Motion [Docket No. 215.] (the "Bar Date Order") and establishing certain dates (collectively, the "Bar Dates," and individually, a "Bar Date") by which parties holding claims against the Debtors that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim against the Debtors. Each date is expressly set forth below.

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Gardeners Eden, Inc. (7793), Brookstone Military Sales, Inc. (2029), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

{1004.001-W0030678.3}

## Background to the Debtors' Chapter 11 Cases

A. **General Information about the Debtors' Cases.** The Debtors' cases are being jointly administered under Case No. 14-10752 (BLS). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.[2]

B. **Individual Debtor Information.** The location of the Debtors' corporate headquarters and the service address for all Debtors is: One Innovation Way, Merrimack, NH 03054. The table below lists the respective case numbers for each Debtor:

| DEBTOR | CASE NO. |
|---|---|
| Brookstone Holdings Corp. | 14-10752 |
| Brookstone, Inc. | 14-10753 |
| Brookstone Company, Inc. | 14-10754 |
| Brookstone Retail Puerto Rico, Inc. | 14-10755 |
| Brookstone International Holdings, Inc. | 14-10756 |
| Brookstone Purchasing, Inc. | 14-10757 |
| Brookstone Stores, Inc. | 14-10758 |
| Gardeners Eden, Inc. | 14-10759 |
| Brookstone Military Sales, Inc. | 14-10760 |
| Big Blue Audio LLC | 14-10761 |
| Brookstone Holdings, Inc. | 14-10762 |
| Brookstone Properties, Inc. | 14-10763 |

C. **Access to Proof of Claim Forms and Additional Information.** If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order (which contains a more detailed description of the requirements for filing proofs of claim), a Proof of Claim Form, Administrative Claim Form or related documents (and/or any other pleadings filed in the Debtors' Chapter 11 Cases) you may do so by contacting the Debtor's court-appointed claims and noticing agent Kurtzman Carson Consultants LLC ("KCC") in writing, at KCC, 2335 Alaska Avenue, El Segundo, CA 90245, or visiting the Debtors' case website (http://www.kccllc.net/Brookstone) or the Bankruptcy Court's website (http://www.deb.uscourts.gov). Copies of the Bar Date Order also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Bankruptcy Court (the "Clerk"), 824 N. Market St., 3rd Floor, Wilmington, Delaware 19801. If you have any questions concerning the filing or processing of claims, you may contact KCC at (888) 251-2873 (US & Canada) or (310) 751-2611 (International) or via electronic mail at BrookstoneInfo@kccllc.com.

---

[2] Except as otherwise defined herein, in the Bar Date Motion or in the Bar Date Order, all terms used in this notice that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

{1004.001-W0030678.3}

### Schedules of Assets and Liabilities

Each of the Debtors filed their statement of financial affairs and schedules of assets and liabilities with the Court on May 2, 2014 (collectively, the "Schedules"). The Debtors' Schedules and the Bar Date Order may be examined and inspected by interested parties during regular business hours at (a) the offices of K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 or during posted hours at (b) the Clerk of the Bankruptcy Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. The Debtors' Schedules and the Bar Date Order are also available online and free of charge at http://www.kccllc.net/Brookstone.

### Bar Dates Approved by the Court

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date must file proofs of claim so that they are **actually received** by the Claims Agent:

**General Bar Date:** June 16, 2014 at 4:00 p.m. prevailing Pacific Time, is the date by which all entities (which includes, individual persons, estates, trusts, partnerships and corporations, among others) must file proofs of claim.

**Governmental Bar Date:** September 30, 2014 at 4:00 p.m. prevailing Pacific Time, is the date by which all governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) must file proofs of claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors was a party.

### Parties Required To File Proofs of Claim

A. **Definition of Claim.** Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

B. **Parties Who Must File Proofs of Claim.** Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim on or before the applicable Bar Date:

a) any person or entity whose claim against a Debtor is not listed in the respective Debtor's Schedules or is listed on such Schedules as contingent, unliquidated, or disputed;

b) any person or entity who desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

c) any holders of claims allowable as administrative expenses of the Debtors' estates pursuant to section 503(b)(9) of the Bankruptcy Code; or

d) any person or entity who believes that its claim is improperly classified in the Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount.

C. **Parties Who Do Not Need To File Proofs of Claim.** Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring holders of claims to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need **not** file proofs of claim:

a) any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 10;

b) any person or entity whose claim is listed on the Debtor's Schedules, but only if: (i) such claim is not scheduled as contingent, unliquidated or disputed; (ii) the holder of the claim does not disagree with the amount, nature and priority of the claim as set forth on a Debtor's Schedules; and (iii) the holder of the claim does not dispute that the claim is an obligation of the specific Debtor(s) as set forth in the Schedules;

c) a holder of a claim that has been paid in full by the Debtors or any other party;

d) a holder of a claim for which a specific deadline to file a claim previously has been fixed by the Court;

e) any Debtor having a claim against another Debtor;

f) a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; provided, however, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance or any other litigation or pre-litigation claim;

g) a customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business pursuant to an existing customer program; provided, however, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim; and

h) a holder of a claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any loan or note (whether secured or unsecured) issued and/or guaranteed by the Debtors pursuant to a credit agreement or note purchase agreement (a "Debt Instrument"); provided, however, that: (i) this exclusion will not apply to the designated agent under any of the Debt Instruments or related documents; (ii) a designated agent under a Debt Instrument must file one proof of claim, on or before the General Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instrument; (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instrument, will be required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies; and (iv) any designated agent under any Debt Instrument or related document will only be required to file a proof of claim against the chapter 11 estates of the Debtor(s) that is (are) the primary obligor(s) on the underlying debt, and if such proof of claim identifies the Debtors, together with their respective Chapter 11 Case numbers, that are guarantors or otherwise secondary obligors under the applicable Debt Instrument, that proof of claim will be deemed to have been filed against the chapter 11 estate of each guarantor or secondary obligor.

## Instructions for Filing Proofs of Claim

A. **Contents of Proofs of Claim.** Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with Official Form 10; (iv) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim; and (v) be an original proof of claim (photocopies or facsimiles will **not** be accepted).

B. **Claims Against Multiple Debtors.** Except as otherwise provided by the Bar Date Order, each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

C. **Failure to Identify a Debtor.** Except as otherwise provided by the Bar Date Order, each proof of claim must identify the Debtor against which a claim is asserted including the

Debtor's case number. A proof of claim filed without identifying a Debtor will be deemed as filed only against Brookstone Company, Inc.

D. **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; <u>provided, however,</u> that a proof of claim may only be filed without supporting documentation upon the prior written consent of the Debtors' counsel; <u>provided further, however,</u> that any creditor that received such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than 14 days from the date of such request.

E. **Section 503(b)(9) Claims.** If you are filing a claim under section 503(b)(9) of the Bankruptcy Code, you <u>must</u> indicate (in Box 6 of Official Form 10 if you are using that form) the amount of the claim that arises under section 503(b)(9) of the Bankruptcy Code. For each claim under section 503(b)(9) of the Bankruptcy Code, you <u>must</u> attach to the Claim Form a supplemental statement setting forth with specificity: (i) the date of shipment of the goods that you contend the Debtors received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods you contend the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods you contend the Debtors received in the twenty (20) days before the Petition Date; and (iv) whether you timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand.

F. **Timely Service.** Each proof of claim must be filed, including supporting documentation, by United States mail or other hand delivery system, so as to be **actually received** by the Claims Agent on or before the applicable Bar Date (or, where applicable, on or before any other Bar Dates set forth in the Bar Date Order) at the following address:

> Brookstone Claims Processing
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

**Receipt of Service.** Holders of claims wishing to receive acknowledgment that their proofs of claim were received by the Claims Agent must submit (i) a copy of the proof of claim and (ii) a self-addressed, stamped envelope.

### <u>Consequences of Failing to Timely File Your Proof of Claim</u>

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

1. **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING THAT CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM (OR FILING A PROOF OF CLAIM FORM WITH RESPECT TO IT);**

2. **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

3. **THE DEBTORS AND THEIR PROPERTY WILL BE DISCHARGED FROM ANY AND ALL LIABILITY WITH RESPECT TO THAT CLAIM.**

### Amendments to the Debtors' Schedules

A. **Amendments to Schedules.** In the event the Debtors amend their Schedules after the date of this notice, the Debtors will provide holders of claims that are affected by the amendment notice of the amendment, and such parties will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

B. **Amended Schedules Bar Date.** The Court has approved the later of (i) the Bar Date or (ii) 21 days from the date on which the Debtors provided notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which holders of claims affected by the amendment must file proofs of claim with respect to such claim.

### Parties to the Debtors' Leases and Executory Contracts

A. **Rejection of Leases and Contracts.** The Bankruptcy Code provides that Debtors may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection.

B. **Proofs of Claim Relating to Rejection Damages.** The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (including any order confirming a plan of reorganization in the Debtors' Chapter 11 Cases) and (b) 35 days from the later of the date the rejection order is entered or notice of rejection is provided.

### Reservation of Rights

Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.

Dated: May 2, 2014
Wilmington, DE

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Tel:   (302) 467-4400
Fax:   (302) 467-4450
Email: landis@lrclaw.com
       mumford@lrclaw.com
       brown@lrclaw.com

and

Charles A. Dale III
Mackenzie L. Shea
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel:   (617) 261-3100
Fax:   (617) 261-3175
Email: chad.dale@klgates.com
       mackenzie.shea@klgates.com

*Counsel to the Debtors and Debtors-in-Possession*

{1004.001-W0030678.3}